# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| HEATHER J.E.L. BENEDICT, an individual,<br><br>Appellant,<br><br>v.<br><br>JAMES A. MICKELSON, an individual,<br><br>Respondent. | No. 56295-2-II<br><br><br>UNPUBLISHED OPINION |

PRICE, J. — Heather Benedict appeals the superior court's order vacating a commissioner's order to show cause.  However, this appeal is now moot.  Accordingly, we dismiss Benedict's appeal.

## FACTS

In 2018, as part of extensive and ongoing litigation regarding her mother's estate, Benedict filed a declaratory judgment action in superior court.  *Benedict v. Mickelson*, No. 54775-9-II, slip op. at 3 (Wash. Ct. App. July 19, 2022) (unpublished).[1]  The superior court dismissed Benedict's declaratory judgment action.  *Benedict*, slip op. at 4.  On April 16, 2021, the superior court denied Benedict's motion to vacate the order dismissing the declaratory judgment action, as well as Benedict's subsequent motion for reconsideration.  *Benedict*, slip op. at 4.  Benedict appealed those orders.  *Benedict*, slip op. at 4.

---

[1] https://www.courts.wa.gov/opinions/pdf/D2 54775-9-II Unpublished Opinion.pdf.

On July 22, 2021, after Benedict filed her appeal, she filed a motion for a show cause order to vacate the April 16 order. On August 16, 2021, the superior court struck the motion for a show cause order. On August 17, 2021, before the August 16 order was filed, Benedict obtained an ex parte order to show cause to vacate the superior court's April 16 order from a court commissioner.

On September 14, 2021, the superior court noted that the issue raised by Benedict had already been decided in multiple orders and "[a]ll permitted post-judgment motions/orders have been made and resolved." Clerk's Papers (CP) at 58. The superior court decided that "unless and until" the matter was returned to the superior court following Benedict's appeal of the underlying orders, no further post-judgment motions should be permitted. CP at 58. Accordingly, the superior court vacated the commissioner's show cause order and struck any other pending motions. Before us now is Benedict's appeal of the superior court's September 14 order vacating the commissioner's show cause order.

In July 2022, while the appeal before us now was pending, this court affirmed the superior court's underlying order dismissing Benedict's declaratory judgment action and the superior court's April 16 order denying Benedict's motion to vacate that dismissal order. *Benedict*, slip op. at 10.

## ANALYSIS

Benedict raises several arguments related to the superior court's September 14 order vacating the commissioner's show cause order. However, there is no longer any effective relief Benedict can be granted in this case and this appeal is moot.

We will dismiss an appeal if it is moot. RAP 18.9(c). An appeal is moot if the court cannot provide effective relief. *Ctr. for Biological Diversity v. Dep't of Fish & Wildlife*, 14 Wn. App. 2d 945, 985, 474 P.3d 1107 (2020).

This court has already affirmed the dismissal of Benedict's declaratory judgment actions on its merits, as well as the superior court's April 16 order denying Benedict's motion to vacate the dismissal order. *Benedict*, slip op. at 10. Because the underlying order dismissing Benedict's declaratory judgment action has been affirmed, there is no relief that Benedict can obtain from further post-judgment motions attacking that order.[2] This includes the September 14 order at issue in this appeal. Here, Benedict has appealed the superior court's September 14 order vacating the court commissioner's show cause order, which in turn, was an attack on the April 16 order, which in turn, was an attack on the underlying dismissal order. Because the root of Benedict's instant appeal has been affirmed by this court, this appeal is now moot.

We dismiss Benedict's appeal.

---

[2] We further note that the conflict of interest Benedict alleges did not arise until after the underlying dismissal order in this case was entered. Therefore, the alleged conflict of interest has no bearing on the mootness of Benedict's appeal.

No. 56295-2-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

GLASGOW, C.J.

LEE, J.